Per Curiam.

This court has consistently held that, under the home-rule provisions of Article XVIII of the Constitution, a municipality may adopt for municipal elections a method of selecting municipal officers different from the method of elections otherwise provided for. Fitzgerald et al., Bd. of Deputy State Supervisors, v. City of Cleveland, 88 Ohio St., 338, 103 N. E., 512, Ann. Cas. 1915B, 106; State, ex rel. Taylor, v. French, 96 Ohio St., 172, 117 N. E., 173; Reutener v. City of Cleveland, 107 Ohio St., 117, 141 N. E., 27; State, ex rel. Hackley, v. Edmonds, Clerk, 150 Ohio St., 203, 80 N. E. (2d), 769; State, ex rel. Frankenstein, v. Hillenbrand, 100 Ohio St., 339,b126 N. E., 309.
This court has also previously held that provisions for voting at municipal elections, similar to those con *609 tained in the charter of Cincinnati, are .valid. Reutener v. City of Cleveland, supra. The provisions for such voting are outlined in the report of that case and will not he described herein. There might be considerable force to an argument that provisions of the Cincinnati charter for transfer of excess or surplus votes, dependent as they are on selection by chance of the votes to be transferred, involve features of a lottery and are, therefore, inconsistent with the basic concept of any election. However, that argument was made and rejected in the Reutener case and this court has not been asked in the instant case to reconsider the decision which it made in rejecting that argument.
• Assuming, without deciding, that the provisions of the Cincinnati charter relative to the election of municipal officers cannot be inconsistent with or in conflict with any provisions of the Constitution relative to elections (but see Fitzgerald v. City of Cleveland, supra; State, ex rel. Taylor, v. French, supra; Reutener v. City of Cleveland, supra), then the only question involved in this case is whether those provisions for election of municipal officers are in conflict with the provisions of Section 2a of Article V of the Constitution, which became effective in 1949.
The first sentence of .that section provides:
“The names of all candidates for an office at any general election shall be arranged in a group under the title of that office, and shall be so alternated that each name shall appear (in so far as may be reasonably possible) substantially an equal number of times at the beginning, at the end, and in each intermediate place, if any, of the group in which such name belongs. ’ ’
The form of ballot provided for by the Cincinnati charter conforms with the provisions of that sentence. Names of all candidates for council are arranged in a group under the title “Candidates for Council,” and the names are rotated.
*610 By its express provisions, the second sentence of Section 2a of Article V of the Constitution is to be applicable ‘ ‘ except * * * in a nonpartisan election. ’ ’ Admittedly, the election of councilmen, provided for by the Cincinnati charter, is a nonpartisan election.
The third sentence of Section 2a of Article V of the Constitution reads:
“An elector may vote for candidates (other than candidates for electors of President and yice-President of the United States) only and in no other way than by indicating his vote for each candidate separately from the indication of his vote for any other candidate.” (Emphasis ours.)
This third sentence does not require that the vote be indicated by a cross, by a checkmark or by any particular mark or symbol. The word “vote” has been defined as “the formal expression of a wish, will, or choice, in regard to any measure proposed, esp. where the person voting has an interest id common with others, either in electing a person to office or in passing laws, rules, regulations, etc.” Webster’s New International Dictionary (2 Ed.). See, also, State, ex rel. Shinnich, Jr., v. Green, 37 Ohio St., 227, 229. An indication by a preference number is clearly a formal expression of a preference and thus is an indication of a vote. Certainly, an indication by a separate preference number for each candidate is an indication of a vote for such candidate separately from an indication by a different preference number of a vote for any other candidate.
It is pointed out that, under the provisions of the Cincinnati charter, the indicated preferred, choices of a voter can count for the election of only one councilman although there are nine offices of councilman to be filled at the election. This court did hold in State, ex rel., v. Constantine, 42 Ohio St., 437, 51 Am. *611 Rep., 833, that, by reason of the provisions in Section 1 of Article V of the Constitution that an elector shall “be entitled to vote at all elections,” a voter must be permitted to cast as many votes for candidates as there are candidates to be elected. It is argued that, since there are nine councilmen to be elected, that case requires a holding that a voter is entitled to cast nine effective votes for councilman.
The same argument was made in Reutener v. City of Cleveland, supra, but was rejected by this court. The majority opinion, while questioning the soundness of the decision in the Constantine case, stated that it was inapplicable to municipal elections by reason of the home-rule provisions of Sections 3 and 7 of Article XVIII of the Constitution. The concurring opinion of Judge Jones stated that the manner of elections of municipal officials is a feature of “local-self-government” committed to charter municipalities.
Even if, as was held in the Constantine case, Section 1 of Article V of the Constitution does provide for a right to vote, it is apparent that Section 2a of Article V of the Constitution does not do so. The third sentence of that section, upon which relator relies, deals solely with the subject as to the “way” in which a voter “may vote for candidates,” that is, with the subject of how an elector may vote. Nothing in the language of that sentence or the other portions of the section purports to confer upon anyone a right to vote. Unlike in Section 1 of Article V of the Constitution, there are no words such as 11 entitled to vote.” It follows that nothing in Section 2a of Article V of the Constitution confers upon a voter a right to cast an effective vote for more than one candidate for councilman where more than one are to be elected.
Our conclusion is that the provisions of the Cincinnati charter, relative to the election of municipal offi *612 cers, are neither inconsistent with nor in conflict with Section 2a of Article V of the Constitution.

Writ denied.

Weygandt, C. J., Zimmerman, Middleton, Taft, Matthias and Hart, JJ., concur.